# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KALOTI WHOLESALE, INC.,**
d/b/a **KALOTI ENTERPRISES,**
    **Plaintiff,**

**WELLS FARGO BANK, NA,**
    **Proposed Intervenor-**
    **Plaintiff,**

    v.      Case No. 07-C-552

**UNITED STATES OF AMERICA,**
    **Defendant.**

---

**UNITED STATES OF AMERICA,**
    **Plaintiff,**

    v.      Case No. 07-C-565

**APPROXIMATELY 81,454 CANS
OF BABY FORMULA,**
    **Defendant,**

**WELLS FARGO BANK, NA,**
    **Proposed Intervenor-**
    **Claimant.**

---

## DECISION AND ORDER

### I. BACKGROUND

In February 2007, FBI agents seized over 87,000 cans of infant formula from the warehouse of Kaloti Enterprises, Inc. ("Kaloti"). The government believes that most of the formula was stolen and that Kaloti knowingly received it in violation of 18 U.S.C. §§ 2315, 1956(7)(A) and 1961(1). Kaloti disputes that the formula was stolen and, pursuant to 18 U.S.C. § 983(f), petitioned the court for the return of the formula, claiming hardship. Pursuant

to 18 U.S.C. § 981, the government instituted an in rem civil forfeiture action against the formula. Wells Fargo Bank, N.A. ("WFB"), a creditor of Kaloti's, claims a security interest in the formula and seeks to intervene in Kaloti's hardship action.[1]

The case is governed by 18 U.S.C. § 983(f) and Rule G of the Federal Rules of Civil Procedure Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Section 983(f) provides as follows:

> (1) A claimant under subsection (a) is entitled to immediate release of seized property if —
>
> (A) the claimant has a possessory interest in the property;
>
> (B) the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of the trial;
>
> (C) the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless;
>
> (D) the claimant's likely hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceeding; and
>
> (E) none of the conditions set forth in paragraph (8) applies.

18 U.S.C. § 983(f)(1). As is relevant here, paragraph (8) states:

> This subsection shall not apply if the seized property –
>
> (A) is contraband, currency, or other monetary instrument, or electronic funds unless such currency or other monetary instrument or electronic funds constitutes the assets of a legitimate business which has been seized.

---

[1] WFB also filed a motion to intervene in the government's forfeiture action, which motion I granted on November 1, 2007.

Id. § 983(f)(8). I will discuss the relevant sections of Rule G in the course of the decision.

## II. DISCUSSION

The government did not oppose intervention by WFB in the forfeiture action but argues that WFB lacks standing to intervene in Kaloti's hardship action. However, Rule G(8)(d)(1) authorizes "a person who has filed a claim" for property held by the government for forfeiture to petition for its release. WFB is such a claimant. See Fed. R. Civ. P. Supp. R. G(5) and 18 U.S.C. § 983(a)(2). Thus, I will grant its request to intervene in Kaloti's hardship action.

Turning to the merits of the hardship action, I conclude that neither WFB nor Kaloti satisfy the requirements of § 983(f). As to WFB, the government's possession of the formula does not inflict on it hardship that is "substantial" as contemplated by § 983(f)(1)(C). The text of 18 U.S.C. § 983(f)(1)(C) itself makes it clear that Congress intended "substantial hardship" to apply only to the most urgent situations. See Matter of Sinclair, 870 F.2d 1340, 1343 (7th Cir. 1989) (stating that where the language of a statute is plain and does not lead to an absurd result, the language itself "is the sole evidence of the ultimate legislative intent"). Congress indicated in the text of the statute that the kind of hardship it envisioned was hardship that would prevent a business from "functioning" or an individual from "working," or cause a person to become "homeless." 18 U.S.C. § 983(f)(1)(C). WFB is a large national bank, and while it would surely not welcome the loss of several hundred thousand dollars of collateral, such loss would not constitute a substantial hardship within § 983(f)(1)(C).

I am also doubtful about whether the government's continued possession of the formula would inflict substantial hardship on Kaloti. Kaloti is a moderately-sized grocery distributor, and infant formula comprises only a fraction of its total business. It has a $7 million line of credit with WFB, which is secured by all its inventory and guaranteed by officers

of the company. Moreover, Kaloti's petition does not suggest that the return of the formula is necessary to the functioning of its business but rather that it's primary concern is preservation of the value of the formula.

Even assuming, however, that non-return of the formula would cause WFB or Kaloti substantial hardship, neither party can cannot satisfy the § 983(f)(1)(D) requirement that the hardship "outweigh[ ] the risk that the property will be . . . transferred if it is returned." 18 U.S.C. § 983(f)(1)(D). Both Kaloti and WFB acknowledge that if they regain possession of the formula, they intend to sell it. They have offered to hold the proceeds of any sale of the formula in trust pending the outcome of the forfeiture action, but this would not solve the problem because under 18 U.S.C. § 983(f)(8)(A), I cannot order the return of "currency."[2] See, e.g., United States v. $1,231,349.68 In Funds, 227 F. Supp.2d 125, 128-29 (D.D.C. 2002).

However, Rule G authorizes me to order the sale of property if it "is perishable . . . or at risk of deterioration." Fed. R. Civ. P. Supp. R. G(7)(b)(i)(A). The parties indicate that the formula is indeed perishable. However, before issuing any order, I need to address the safety and preservation of evidence issues that the government raised at oral argument and to hear further from the parties.

Therefore,

**IT IS ORDERED** that Wells Fargo Bank, N.A.'s motion to intervene in case number 07C0552 is **GRANTED**.

---

[2]Section 983(f)(8)(A) authorizes me to order the return of currency of "a legitimate business which has been seized." 18 U.S.C. § 983(f)(8)(A). However, this provision would not apply, because the government did not seize the Kaloti business but merely a portion of its inventory.

-4-
Case 2:07-cv-00552-LA   Filed 12/06/07   Page 4 of 5   Document 22

**IT IS FURTHER ORDERED** that the petitions for hardship release and declaratory relief, case number 07C0552, are **DENIED.**

**IT IS FURTHER ORDERED** that counsel appear for an in-court status conference on **December 19, 2007 at 2:30 p.m.** The conference will be held in Room 390, United States Courthouse, 517 East Wisconsin Avenue, Milwaukee, Wisconsin.

Dated at Milwaukee, Wisconsin this 6 day of December, 2007.

        /s
        LYNN ADELMAN
        District Judge